IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NUCAL FOODS, INC.,

      Plaintiff,                                          No. CIV S-10-3105 KJM-CKD

    vs.

QUALITY EGG LLC; et al.,

      Defendants.                                   <u>ORDER</u>

_____/

        This matter comes before the court upon plaintiff's motion for modification of pretrial scheduling order and leave to file first amended complaint. (ECF 47.) This matter was decided without a hearing. For the following reasons, plaintiff's motion is hereby GRANTED.

I.   <u>FACTS AND PROCEDURAL HISTORY</u>

        Plaintiff filed its complaint on November 18, 2010 against three defendants – Quality Egg LLC ("Quality Egg"), Wright County Egg, and Hillandale Farms of Iowa, Inc. ("Hillandale") – alleging seven causes of action: 1) breach of implied warranty of merchantability against all defendants; 2) breach of implied warranty of fitness for particular purpose against all defendants; 3) fraud against Quality Egg and Wright County; 4) negligence against all defendants; 5) equitable indemnification against all defendants; 6) negligent interference with prospective economic advantage against all defendants; and 7) unfair

1

competition against all defendants. (ECF 1.) Quality Egg filed its answer on December 14, 2010 (ECF 9) and Hillandale filed its answer on February 14, 2010 (ECF 24).

   The status (pretrial scheduling) order was issued on June 13, 2011, setting February 3, 2012 as the discovery cutoff, June 6, 2012 as the deadline for hearing dispositive motions, July 25, 2012 as the date of the final pretrial conference, and September 10, 2012 as the trial date. (ECF 41.) It also scheduled a settlement conference for July 26, 2011 before Magistrate Judge Hollows. (*Id.*)

   The present motion for modification of pretrial scheduling order and leave to file first amended complaint was filed on August 15, 2011. (ECF 47.) Plaintiff concurrently filed a notice of request to seal documents. (ECF 48.) Quality Egg and Hillandale (together, "defendants") filed their oppositions to plaintiff's motion on October 12, 2011 (ECF 50 & 51). Hillandale also filed a notice of request to seal documents on October 12, 2011. (ECF 52.) Plaintiff filed its reply to defendants' oppositions on October 19, 2011. (ECF 53.)

II. REQUESTS TO SEAL DOCUMENTS

  A. Standard

   There is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[I]f the court decides to seal certain judicial records [after conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting

2

1  *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).  However, "'good cause' suffices
2  to warrant preserving the secrecy of sealed discovery material attached to nondispositive
3  motions."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing
4  *Phillips*, 307 F.3d at 1213).

5        B.      Plaintiff's Request (ECF 48)

6        Hillandale does not address plaintiff's request and Quality Egg does not outright
7  object to plaintiff's request to seal; however, Quality Egg does object to the procedures followed
8  by plaintiff.  (QE's Opp'n at 4-5.)  Quality Egg misinterprets the protective order in its statement
9  that "NuCal was required to file the material under seal, with the option of filing a redacted
10 version in the Court's public file."  (*Id.* at 5.)  Rather, the protective order and Local Rule 141
11 expressly provide that documents may only be sealed by order of the court.  (Protective Order at
12 ¶ 12.3, ECF 28.)

13       Plaintiff's request "is based upon the fact that defendants have designated certain
14 documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the protective order
15 in this case, or have claimed that certain portions of the proposed first amended complaint are
16 subject to the Protective Order."  (Pl.'s Notice of Req. to Seal at 1, ECF 48.)  The documents and
17 information concern "defendants' knowledge of Salmonella Enteritidis contamination at their
18 Iowa farms in early 2010, their knowledge of Salmonella contamination at facilities that supplied
19 chickens to the Iowa farms in 2010, and their dealings with regulators before and after the
20 nationwide egg recall in August 2010."  (*Id.* at 2.)

21       Plaintiff indicates that it does not believe these documents and information should
22 be sealed.  (Pl.'s Notice of Req. to Seal at 2.)  As previously stated, defendants do not address
23 whether a compelling reason exists to seal these documents.  *See Foltz*, 331 F.3d at 1135 (citing
24 *Phillips*, 307 F.3d at 1213) (finding "'good cause' [only] suffices to warrant preserving the
25 secrecy of sealed discovery material attached to nondispositive motions."); *see also Casas-*
26 *Montejano v. Holder*, No. 1:11-cv-00670-LJO-SKO, 2011 U.S. Dist. LEXIS 82512, at *2-3

1  (E.D. Cal. Jul. 28, 2011) (applying compelling reasons standard to grant request to file complaint
2  under seal); *In re Nvidia Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 U.S. Dist. LEXIS
3  120077, at *10 (N.D. Cal. Apr. 23, 2008) ("[A] request to seal all or part of a complaint must
4  clearly meet the 'compelling reasons' standard and not the 'good cause' standard." (citing
5  *Kamakana*, 447 F.3d 1172)). The court finds no compelling reasons to file the complaint and
6  attached exhibits under seal. These documents are not in danger of becoming "'vehicle[s] for
7  improper purposes,' such as . . . to gratify private spite, promote public scandal, circulate
8  libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435
9  U.S. at 589). Moreover, "[t]he mere fact that the production of [these] records may lead to a
10  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,
11  compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

12  Plaintiff's request to seal is hereby denied.

13  C.   Hillandale's Request (ECF 52)

14  Hillandale has complied with Local Rule 141 in filing its request to seal. (*See*
15  Notice of Request, ECF 52.) Neither plaintiff nor Quality Egg have filed oppositions.

16  Hillandale seeks to seal Exhibits A and B attached to the Declaration of Orland
17  Bethel in opposition to plaintiff's motion to modify the scheduling order and file an amended
18  complaint and Exhibits C and D attached to the Declaration of Gary Bartness in opposition to
19  plaintiff's motion to modify the scheduling order and file an amended complaint. (ECF 51-1 &
20  51-2.) As described by Hillandale, "[t]hese documents contain purchase agreements, output
21  agreements, pricing information, and other private organizational information about internal
22  workings of the involved companies." (Hillandale's Points and Authorities in Support of Req. to
23  Seal at 3, ECF 52-5.) Hillandale contends that, although the good cause standard applies, there
24  are compelling reasons for sealing these documents. (*Id.*) Specifically, it contends that these
25  documents "reveal information that could jeopardize the business of Hillandale. Disclosure of
26  this financial information, business strategy, and confidential pricing and output agreements

4

could give Hillandale's competitors an undue advantage, especially with respect to its pricing information. Additionally, disclosure in this case would be against the public interest because the need to protect confidential business information outweighs any necessity for disclosure." (*Id.* at 3-4.)

Exhibit A is a chart showing the ownership structure of Hillandale Iowa, LLP in 2010.  Exhibit B is a chart showing the structure of Hillandale II, LLP.  Exhibit C is an undated marketing and output agreement between Hillandale Iowa II, LLP and Hillandale Farms of Iowa, Inc., which Hillandale states is dated November 30, 2007.  (Bartness Decl. ¶ 4.)  Exhibit D comprises invoices relating to ECI Trade No. 153010.  Documents filed under seal as provided by a protective order attached to a nondispositive motion rebut the "presumption of access."  *See Foltz*, 331 F.3d at 1135 (citing *Phillips*, 307 F.3d at 1213).  As the Ninth Circuit explained in *Foltz*, its holding regarding the applicability of the "good cause" standard "was expressly limited to the status of materials filed under seal when attached to non-dispositive motions." *Id.* (emphasis omitted).  The documents Hillandale presently seeks to seal have not been filed with the court as provided by the protective order.  Thus, the "compelling reason" standard applies.

Hillandale has failed to meet the compelling reason standard.  No affidavit supports the argument that the documents at issue qualify as confidential or trade secret, which might support sealing.  The documents are not in danger of becoming "'vehicle[s] for improper purposes,' such as . . . to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 589).  Hillandale's request to seal is hereby denied.  The court will direct the Clerk of the Court to return to Hillandale the documents it has sought to have sealed.  L.R. 141(e)(1).  If Hillandale wishes to file the documents, it shall file them on the public docket.

/////

/////

/////

5

III. MOTION TO MODIFY AND AMEND

    A.    Standard

A "party seeking to amend [its] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id*.

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue

delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).  In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'"  *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

        B.      Application

Plaintiff contends it is seeking to amend its complaint to incorporate information it obtained through discovery.  (Mot. at 5.)  Specifically, plaintiff proposes to add allegations, defendants, and a cause of action, and removes Wright County Egg as a defendant.  (*Id*. at 7-8; Mot., Ex. A, Proposed Am. Compl., ECF 47-1.)

        1.      Rule 16

Quality Egg contends that plaintiff has not met its burden to show good cause as it was aware of the new cause of action and defendants at the time it filed its initial complaint.  (QE Opp'n at 5.)  Quality Egg specifically contends that plaintiff could have brought its breach of express warranty claim and sued the DeCoster Revocable Trust, Austin DeCoster and DeCoster Enterprises LLC in its initial complaint.  (*Id.* at 6-7.)[1]  In addition, it contends that these defendants have a tenuous relationship to this litigation.  (*Id.* at 8.)  Quality Egg further states that the original scheduling order will have to be amended.  (*Id.* at 9.)[2]

Hillandale also contends that plaintiff has not shown good cause.  (Hillandale's Opp'n at 8.)  It asserts that plaintiff has not explained why it did not seek leave to file an amended complaint sooner and that plaintiff knew of information it seeks to include in the amended complaint at the time of filing its initial complaint.  (*Id.* at 8-9.)

/////

---

[1] Quality Egg does not address plaintiff's proposed addition of Environ/Wright County Inc.  (Proposed Am. Compl. ¶ 30.)

[2] As Quality Egg does not indicate how this possibility should affect the court's decisionmaking, the court will not address this section of Quality Egg's opposition.

1   Although the court may deny the motion to amend where the moving party knows
2   or should have known of the facts but failed to include them in the original complaint, *De*
3   *Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000), this is but one indicator
4   of diligence. *Johnson v. Mammoth Recreations*, upon which Quality Egg relies extensively, is
5   distinguishable. The plaintiff's lack of diligence in that case was particularly egregious as the
6   defendant had repeatedly and consistently denied ownership and control of the property that
7   formed the basis of the suit and plaintiff still failed to act on this information and amend the
8   complaint. *Johnson*, 975 F.2d at 606-07, 609-10. Such is not the situation here; moreover,
9   Quality Egg's opposition establishes the connection between itself and the defendants plaintiff
10  seeks to join; this connection is by no means "attenuated." (*See* QE Opp'n at 8.) In fact,
11  plaintiff alleges that the DeCoster Revocable Trust owned and/or controlled Quality Egg during
12  the relevant period; Austin DeCoster is the trustee of the DeCoster Revocable Trust and had
13  authority over Quality Egg's operations; and DeCoster Enterprises LLC controlled and/or
14  managed the DeCoster Revocable Trust during the relevant period. (Proposed Am. Compl.
15  ¶¶ 27-29.) The same is true of the Hillandale defendants, as discussed below.

16  Plaintiff has met Rule 16(b)'s good cause standard. Plaintiff has shown diligence
17  in the timeline it has provided.[3] "Because plaintiff moves to amend [its] complaint based on
18  facts uncovered during discovery, the court finds that plaintiff has good cause to seek leave to
19  amend. Plaintiff could not have exercised a greater degree of diligence in order to amend at an
20  /////

21

22  [3] Plaintiff indicates that discovery began in late January 2011. (Mot. at 4.) On April 15, 2011, plaintiff provided defendants with a draft amended complaint; Quality Egg expressly
23  refused to stipulate to plaintiff's filing the amended complaint. (*Id*. at 5-6.) Discovery continued and plaintiff continued to make amendments to its draft amended complaint. The June 13, 2011
24  status (pretrial scheduling) order provided that no further amendments to pleadings would be permitted as of that date without leave of the court. (ECF 41 at 2.) The settlement conference
25  occurred on July 26, 2011; however, the parties did not settle. (Mot. at 6.) On August 4, 2011, plaintiff provided defendants with a revised draft amended complaint and was again unable to
26  obtain their consent to its filing. (*Id*. at 6-7.)

8

earlier state in litigation." *Monday v. Saxon Mortg. Servs.*, No. CIV. 2:10-989 WBS CMK, 2011 U.S. Dist. LEXIS 72785, at *2 (E.D. Cal. Jul. 7, 2011).

        2.      Rule 15

Quality Egg also contends that justice does not require that plaintiff's motion to amend be granted. Specifically, it contends that information plaintiff seeks to add is irrelevant and its amended complaint would be subject to a motion to dismiss or strike.[4] (QE Opp'n at 10-13.) Quality Egg maintains that even if the information plaintiff seeks to add is relevant, justice does not require that plaintiff add so many paragraphs and exhibits to the complaint. (*Id.* at 12 n.13.)

Hillandale contends that plaintiff has unduly delayed in seeking this amendment. (Hillandale's Opp'n at 10.) Moreover, Hillandale contends that granting plaintiff's motion to amend would be prejudicial. (*Id.* at 11.) In addition, Hillandale contends that amendment would be futile. (*Id.* at 13.)

Amendment here is appropriate in light of Rule 15. The fact that parties may feel the need to conduct further discovery based on the amended complaint is not unduly prejudicial. *See Gonzalez v. Comcast Corp.*, No. 1:10-cv-01010-LJO-SKO, 2011 U.S. Dist. LEXIS 51469, at *19-20 (E.D. Cal. May 13, 2011). In *Singh v. City of Oakland*, the Ninth Circuit affirmed the

---

[4] In the alternative, Quality Egg invites the court to strike portions of plaintiff's proposed amended complaint. (QE Opp'n at 13.) Federal Rule of Civil Procedure 12(f) states "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation" (*id.*) and "may cause prejudice to one of the parties." *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S-10-2123 LKK/EFB, 2011 U.S. Dist. LEXIS 44300, at *7 (E.D. Cal. Apr. 18, 2011) (citing 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d 1380); *see also Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE-GGH, 2011 U.S. Dist. LEXIS 35400, *31 (E.D. Cal. Mar. 31, 2011) ("courts often require a showing of prejudice by the moving party"). The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny*, 2011 U.S. Dist. LEXIS 44300, *7 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th Cir. 1993)). The court declines Quality Egg's invitation; Quality Egg cannot, and does not, assert that plaintiff's new allegations can have no possible bearing the subject matter of this litigation.

district court's denial of leave to amend where the plaintiff's new claims were based on facts known to the plaintiff two years before he filed his motion.  No. 06-17190, 295 Fed. Appx. 118, 122 (9th Cir. 2008).  Here, plaintiff contends its amendments stem from information it obtained through discovery; in any event, only nine months passed between the filing of the original complaint and the present motion and no other motions have been filed in this action.  Moreover "'delay alone–no matter how lengthy–is an insufficient ground for denial of leave to amend.'" *Enns Pontiac, Buick, & GMC v. Flores*, No. CV-F-07-1043 LJO-BAM, 2011 U.S. Dist. LEXIS 148916, at \*14 (E.D. Cal. Dec. 28, 2011) (quoting *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)); *see also Wilkins-Jones v. County of Alameda*, No. C-08-1485 EMC, 2011 U.S. Dist. LEXIS 92904, at \*32 (N.D. Cal. Aug. 19, 2011) ("delay is typically 'not alone enough to support denial'" (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990))); *but see Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) ("'Undue delay is a valid reason for denying leave to amend.'" (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1454 (9th Cir. 1990))).  Hillandale has not shown that delay here was undue, where plaintiff contends its amendments are based on information it obtained through discovery.

Moreover, granting the present motion would not be prejudicial to Hillandale.  Although "'[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint,'" *Nicholson v. Dossey*, No. 1:08-cv-01168-AWI-SKO, 2011 U.S. Dist. LEXIS 132218, at \*13-14 (E.D. Cal. Nov. 16, 2011) (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)), discovery will not need to be reopened.  In any case, plaintiff filed its proposed amended complaint six months before discovery was set to close, and noticed it to be heard four months before, leaving a reasonable amount of time at the time within which to conduct discovery as to the new defendants and claim.[5]  *AmerisourceBergen Corp. v. Dialysist West, Inc.*,

---

[5] The fact that discovery will have to be extended due to the timing of the issuance of this decision is not due to plaintiff's actions but rather a reflection of this court's caseload, a factor

10

465 F.3d 946, 960 (9th Cir. 2006) ("Dialysist West did not contend, and the district court did not find, that any additional discovery that might have been required could not have been completed within the time remaining before the discovery cutoff date. The need to undertake additional discovery cannot be classified as prejudice so long as ample time remains, as it did in this case, to complete that discovery before the discovery cutoff date."); *see Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming district court's denial of motion to amend where the motion was made two weeks before the discovery deadline); *see also Texaco*, 939 F.2d at 799 (affirming district court's denial of motion to amend where the motion was filed eight months after the district court granted summary judgment against the plaintiff, two years after the filing of the initial complaint, after discovery had closed, and four and a half months before trial); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming district court's denial of motion to amend where the plaintiffs informed the court of their intention to file an amended complaint fourteen months before they actually did and it was filed seven months after plaintiffs were ready to file according to their own representations). Moreover, "there is no incremental prejudice [here, where] the additional litigation stems from the expansion of the claims and parties, not from the timing of their addition." *Wilkins-Jones*, 2011 U.S. Dist. LEXIS 92904, at *35.

Furthermore, the proposed amendments are not futile. *See Gonzalez*, 2011 U.S. Dist. LEXIS 51469, at *22 ("Although the validity of the proposed amendment is not typically considered by courts in deciding whether to grant leave to amend, such leave may be denied if the proposed amendment is futile or subject to dismissal." (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)); *see also Monday*, 2011 U.S. Dist. LEXIS 72785, at *3 ("'[D]enial on the [ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading

---

that will not be held against plaintiff.


1  is filed.'" (quoting *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411
2  OWW/GSA, 2010 U.S. Dist. LEXIS 20862, at *14 (E.D. Cal. Feb 16, 2010))).  Hillandale's
3  contention, that plaintiff's proposed amended complaint is futile because the two new Hillandale
4  defendants plaintiff seeks to add have no relation to the events leading to this litigation and
5  plaintiff's assertions against Hillandale "unnecessarily attempt to create scandal," is without
6  merit.  (Hillandale's Opp'n at 13.)  On the contrary, plaintiff alleges that Hillandale Farms of
7  Pennsylvania sold it the recalled eggs and that Hillandale Farms Iowa LLC processed and
8  shipped the recalled eggs sold to plaintiff.  (Proposed Am. Compl. ¶¶ 37-38.)  Although
9  Hillandale discusses the non-involvement of these parties in its opposition, this is a question of
10 fact the court will not decide on a motion for leave to amend; likewise, Hillandale has not
11 sufficiently argued that plaintiff's assertions are irrelevant.  *See McAfee v. California*, No. 1:07-
12 cv-00577 OWW GSA, 2008 U.S. Dist. LEXIS 120600, at *12-13 (E.D. Cal. Apr. 28, 2008) ("A
13 claim is considered futile and leave to amend shall not be given if there is no set of facts that can
14 be proved under the amendment that would constitute a valid claim." (citing *Miller v. Rykoff-*
15 *Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988))).

16        In contending that even if information is relevant to plaintiff's claims, justice does
17 not require amendment.  Quality Egg relies on two cases to bolster its position: *Kasey v.*
18 *Molybdenum Corp. of America*, 467 F.2d 1284 (9th Cir. 1972) and *Jacobson v. Schwarzenegger*,
19 226 F.R.D. 395 (C.D. Cal. Feb. 15, 2005).  Both of these cases are inapposite.  In *Kasey*, the
20 court found "amendments should not be allowed merely to permit a restatement of the same facts
21 in different language or the reassertion of a claim previously determined."  467 F.2d at 1285.
22 Neither scenario is the case here; rather, plaintiff's amendments would bolster its claims.  In
23 *Jacobson*, the court dismissed the plaintiffs' amended complaint where it found "much of the
24 First Amended Complaint consists of a rambling diatribe including historical narrative, legal
25 argument, and excerpts from newspaper articles, web sites and the Little Hoover Commission
26 Report. The pleading is replete with hyperbole and punctuated by references to [irrelevant plays,

individuals, and events]." 226 F.R.D. at 397.  Such is not the case here.  The other cases Quality Egg cites are similarly inapposite.  *See, e.g., Saunders v. Saunders*, No. CV 1-05-0699-RCC, 2009 U.S. Dist. LEXIS 16315 (E.D. Cal. Feb. 13, 2009) (dismissing complaint that consisted of 197 paragraphs, 74 pages, 11 claims, 90 named defendants, 25 unnamed defendants, the plaintiff's claims incorporated all prior paragraphs indiscriminately, and the plaintiff's claims did not identify which facts applied to which claims); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409 (9th Cir. 1985) (affirming dismissal of complaint that was confusing and conclusory); *Nevijel v. North Coast Life Ins.*, 651 F.2d 671 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and conclusory").  Contrary to Quality Egg's characterization, plaintiff's proposed amended complaint is clear and succinct; plaintiff does not ramble nor is its pleading repetitive.  This court does not find that plaintiff is acting in bad faith (QE Opp'n at 13-14) simply because it has expanded the original complaint significantly; there is no indication that the amended complaint has been proposed with the intention of gaining a competitive advantage, as Quality Egg contends.  *See DCD Programs*, 833 F.2d at 187 (no bad faith where plaintiff offered satisfactory explanation for delay in amendment); *Yang v. Sun Trust Mort., Inc.*, No. 1:10-cv-01541-AWI-SKO, 2011 U.S. LEXIS 63325, at *9 (E.D. Cal. Jun. 14, 2011) ("Even assuming the basis for Plaintiffs' amendment was known at the time of the initial complaint, that is not, by itself, objective evidence of bad faith or tactical gamesmanship.").  Whether certain allegations are irrelevant is a separate matter that neither Quality Egg nor Hillandale have sufficiently argued, which the court need not address at this time.  *See id*. n.5 *supra*.

III. <u>CONCLUSION</u>

        For the foregoing reasons, it is hereby ORDERED:

1. Plaintiff's motion to modify pretrial scheduling order and for leave to file an amended complaint (ECF 47) is GRANTED;
2. Plaintiff's request to seal (ECF 48) is hereby DENIED;
3. Hillandale's request to seal (ECF 52) is hereby DENIED;

1    4.   The Clerk of the Court is directed to return to Hillandale the documents it
          submitted in connection with its request to seal;
2    5.   Plaintiff shall provide the clerk with the unredacted amended complaint
          and unredacted attached exhibits, which the clerk shall file as the amended
          complaint; and
3    6.   The status (pretrial scheduling) order (ECF 41) is amended as follows:
          a.   Discovery deadline extended to May 21, 2012;
          b.   Expert witness disclosure reset from March 2, 2012 to June 18,
               2012;
          c.   Supplemental expert witness disclosure deadline reset from March
               22, 2012 to July 9, 2012;
          d.   Expert discovery deadline reset from April 20, 2012 to August 7,
               2012;
          e.   Dispositive motion hearing deadline reset from June 6, 2012 to
               September 28, 2012;
          f.   Final pretrial conference reset from July 25, 2012 to December 6,
               2012 at 3:30 p.m., with joint pretrial conference statements due by
               November 22, 2012; and
          g.   Jury trial reset from September 10, 2012 to January 14, 2013 at
               1:30 p.m., with trial briefs due January 3, 2013.

IT IS SO ORDERED.

DATED: January 27, 2012.

_____
UNITED STATES DISTRICT JUDGE

14