IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NUCAL FOODS, INC.,

    Plaintiff,                               No. CIV S-10-3105 KJM-CKD

    vs.

QUALITY EGG LLC; et al.,

    Defendants.                            <u>ORDER</u>

/

        This matter comes before the court upon defendant Austin "Jack" DeCoster's ("defendant") request for an order shortening time for hearing his motion to modify the scheduling order. (ECF 93.) Defendant's request is denied.

        Local Rule 144 states: "Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." The court may grant an application for an order shortening time "for good cause." FED. R. CIV. P. 6(c)(1)(C); *see, e.g., Fausto v. Credigy Servs. Corp.*, No. C 07-05658, 2009 U.S. Dist. LEXIS 51079, at \*3 (N.D. Cal. Mar. 11, 2009); *see also Faulkner v. County of Kern*, No.

1

1:04-cv-05964-OWW-TAG, 2006 U.S. Dist. LEXIS 3410, at *5 (E.D. Cal. Jan. 17, 2006). "[A] fundamental purpose of the adversary system [is] to give the court the best possible presentation of the merits and demerits of the case on each side. The opposing party can rarely make its best presentation on such short notice." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 491 (C.D. Cal. 1995). "[C]ourts generally require that the applicant demonstrate circumstances showing that (1) the applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some type of harm." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc*., No. 2:06-CV-02879-GEB-KJM, 2007 U.S. Dist. LEXIS 85849, at *2 (E.D. Cal. Nov. 9, 2007).

      Defendant requests the court advance the hearing on his motion because the court has done so with a motion to modify the scheduling order filed by the Hillandale defendants (ECF 89).[1] (Notice of Mot. at 2.) This is not good cause.

      For the foregoing reasons, defendant's request is DENIED.

      IT IS SO ORDERED.

DATED: April 19, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that the Hillandale defendants filed their original defective motion on April 2, 2012 (ECF 75); accordingly, all parties were on notice of the pendency of a motion to modify the scheduling order twenty-five days before the April 27 hearing. The Hillandale defendants refiled their motion on April 5, 2012, twenty-two days before the April 27 hearing and eight days before the present motion was filed on April 13, 2012. The court notes that defendant knew it would be necessary for him to file the present motion as early as March 19, 2012. (Desai Decl. ¶ 5, ECF 93-1.) Further, although defendant conferred with plaintiff prior to filing his motion to modify scheduling order (*see* Desai Decl.), he did not obtain a stipulation advancing the hearing date, in contravention of Local Rule 144(e). Had defendant met and conferred with other parties in an effort to obtain a stipulation advancing the hearing date, the present request may have been rendered unnecessary or defendant could have collaborated with the Hillandale defendants in filing the present motion.