1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NUCAL FOODS, INC.,

11             Plaintiff,                         No. CIV S-10-3105 KJM CKD

12        vs.

13   QUALITY EGG LLC, et al.,

14             Defendants.                        ORDER

15   _____/

16             Defendants' motions for protective orders are pending before the court.  Because

17   oral argument is not of material assistance, these matters are submitted on the briefs.  E.D. Cal.

18   L.R. 230(g).  Upon review of the documents in support and opposition, and good cause appearing

19   therefor, THE COURT FINDS AS FOLLOWS:

20             Defendant Austin "Jack" De Coster moves for a protective order staying discovery

21   against him for a period of six months because he is presently the target of a federal criminal

22   investigation.  In determining whether a stay is appropriate, the court must consider the particular

23   circumstances and competing interests involved in the case.  See Securities & Exchange Comm'n

24   v. Dresser Indus., 628 F.3d 1368, 1375 (D.C. Cir. 1980).  Factors that should be considered

25   include: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any

26   particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which

                                        1

1  any particular aspect of the proceedings may impose on defendants; (3) the convenience of the

2  court in the management of its cases, and the efficient use of judicial resources; (4) the interests

3  of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil

4  and criminal litigation." Federal Sav. and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th

5  Cir. 1989).  Upon consideration of these factors, and considering the circumstances presented

6  here, the court concludes a stay of discovery as against the moving defendant is warranted.

7        The Hillandale defendants move for a protective order regarding Rule 30(b)(6)

8  depositions of their respective entities.  Defendants contend that the person who would be

9  designated to testify for such depositions is presently incapacitated.  Defendants have shown

10  good cause for issuance of the minimal stay requested.

11        Plaintiff has requested certain documents be sealed which were submitted in

12  conjunction with the motions for protective order.  The documents comprise medical records

13  pertaining to a non-party to this action and confidential documents produced in discovery under

14  the protective order (dkt. no. 28) which contain trade secrets.  Good cause having been shown,

15  the request to seal will be granted.  See Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122,

16  1135 (9th Cir 2003).

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.  The motion for protective order (dkt. no. 84) is granted.  Discovery is stayed as

19  to defendant Austin "Jack" De Coster until November 21, 2012.

20        2.  The motion for protective order (dkt no. 87) is granted.  Discovery is stayed as

21  to the Rule 30(b)(6) depositions of the Hillandale defendants until July 23, 2012.  At that time, if

22  Hillandale's General Manager, Gary Bartness, is unable to appear for deposition, the Hillandale

23  defendants shall be afforded a period of twenty-one days to prepare a Rule 30(b)(6) deponent.

24  /////

25  /////

26  /////

3.  The request to seal documents (dkt. no. 106) is granted.  The Clerk of Court is directed to file the documents referenced therein under seal.

Dated: April 27, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
nucal.oah