IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NUCAL FOODS, INC.,

    Plaintiff,　　　　　　　　　　No. CIV S-10-3105 KJM-CKD

  vs.

QUALITY EGG LLC; et al.,

    Defendants.　　　　　　　　　ORDER
_____/

        The parties have made numerous requests to seal various documents in connection with motions presently pending before this court. The court address three such requests here: ECF 100, 106, and 117.

I. <u>STANDARD</u>

        As the court has previously stated, there is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[I]f the court decides to seal certain judicial records [after conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate

1

the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)). However, "'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips*, 307 F.3d at 1213).

The court has further advised parties to this action of its sealing procedure: All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court. (*See* ECF 90.)

II. REQUESTS

    A.    ECF 100

Plaintiff seeks to seal the unredacted version of the Takenouchi Declaration; plaintiff has filed a redacted version of the declaration in connection with its oppositions to defendants' motions to dismiss. The documents plaintiff would have sealed include exhibits 1, 2, 4, 8, 9, and 10 to the Takenouchi Declaration; however, plaintiff itself can only speak to there being compelling reasons to seal exhibit 10. Insofar as plaintiff seeks to seal documents merely because they were marked "confidential" by other parties, these requests are in contravention of the court's April 12, 2012 order explaining its sealing procedure. (ECF 90.) In the absence of

any showing that these documents should be sealed, the court denies plaintiff's request to seal portions of the transcript of the March 30, 2012 deposition of William S. Smith; minutes of the special meeting of the managers of Quality Egg LLC dated May 26, 2005; minutes of the special meeting of the managers of DeCoster Enterprises LLC dated January 15, 2010; minutes of the special meeting of the managers of Environ/Wright County Inc. dated January 13, 2007; and action by unanimous consent of the Board of Directors of Environ/Wright County Inc. dated March 2006.  These documents shall be withdrawn or filed on the public docket within seven (7) days.  Plaintiff has shown compelling reasons for sealing egg sale documents; exhibit 10 to the Takenouchi Declaration shall be filed under seal.

  B. ECF 106

The assigned magistrate judge granted plaintiff's April 18, 2012 request to seal certain documents (ECF 106).  (ECF 121.)[1]  This request was duplicative of another request filed by plaintiff on the same day, noticed before the undersigned.  (ECF 109.)  The undersigned denied plaintiff's request to seal these documents.  (ECF 136.)  To clarify the record, for the reasons set forth in the court's May 16, 2012 order denying plaintiff's request to seal, and in accordance with the court's procedure for motions to seal documents, the magistrate judge's order sealing Hillandale Iowa LLC's Salmonella Enteritidis Prevention Plan, an April 21, 2010 email from Duane Mangskau regarding the Alden Farm, and a May 10, 2010 email string including an email from Duane Mangskau regarding the Alden Farm is hereby superseded.  These documents shall be withdrawn or unsealed with the unredacted versions filed on the public docket within seven (7) days.

/////

---

[1] Other aspects of the magistrate judge's order granting a stay of discovery are the subject of a request for reconsideration pending before the undersigned; this request will be addressed in a separate order.  The court notes here that its referral to the magistrate judge of the Hillandale defendants' motion for protective order (ECF 82) was in error; as the resolution of the motion in question affected scheduling and the contents of a record on a motion pending in this court, the motion should have remained set before the undersigned.

     C.    ECF 117

Defendants DeCoster Enterprises, DeCoster Revocable Trust, and Environ/Wright County Inc. seek to seal exhibits 1 and 2 to the McMahan Declaration, which consist of supplemental portions of the transcript of the March 30, 2012 deposition of William Smith and portions of the transcript of the February 3, 2012 deposition of Timothy Frana. Defendants contend these documents should be sealed because they "reflect the confidential business strategies of the Defendants." Defendants' conclusory statements fail to articulate how these documents reflect confidential business strategies or the harm associated with their publication. Defendants thus have not presented the required compelling reasons to seal these documents. Defendants shall either withdraw or file the unredacted versions of the supplemental portions of the transcript of the March 30, 2012 deposition of William Smith and portions of the transcript of the February 3, 2012 deposition of Timothy Frana on the public docket within seven (7) days.

III. <u>CONCLUSION</u>

For the foregoing reasons:

1. Plaintiff's request to seal (ECF 100) is denied in part and granted in part. Within seven (7) days of this order, plaintiff shall file either a notice of withdrawal of, or the unredacted portions of, the transcript of the March 30, 2012 deposition of William S. Smith, minutes of the special meeting of the managers of Quality Egg LLC dated May 26, 2005, minutes of the special meeting of the managers of DeCoster Enterprises LLC dated January 15, 2010, minutes of the special meeting of the managers of Environ/Wright County Inc. dated January 13, 2007, and action by unanimous consent of the Board of Directors of Environ/Wright County Inc. dated March 2006 on the public docket. Plaintiff shall present a copy of exhibit 10 to the Takenouchi Declaration, egg sale documents showing

/////

            prices and units in transactions involving Environ/Wright County Inc., to the Clerk of the Court who shall file it under seal.

2. The magistrate judge's order is overruled in part and plaintiff's request to seal (ECF 106) is denied in part.  Within seven (7) days, plaintiff shall file either a notice of withdrawal of, or the unredacted versions of Hillandale Iowa LLC's Salmonella Enteritidis Prevention Plan, an April 21, 2010 email from Duane Mangskau regarding the Alden Farm, and a May 10, 2010 email string including an email from Duane Mangskau regarding the Alden Farm on the public docket.

3. Defendants DeCoster Enterprises, DeCoster Revocable Trust, and Environ/Wright County Inc.'s request to seal (ECF 117) is denied.  Within seven (7) days, defendants shall file either a notice of withdrawal of, or the unredacted versions of, the supplemental portions of the transcript of the March 30, 2012 deposition of William Smith and portions of the transcript of the February 3, 2012 deposition of Timothy Frana on the public docket.

4. If the parties neither withdraw nor file documents as provided above, the court will assume the parties have withdrawn their reliance on them and the court accordingly will not consider them in addressing the parties' pending motions.

IT IS SO ORDERED.

DATED: July 30, 2012.

                                            UNITED STATES DISTRICT JUDGE