IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NUCAL FOODS, INC.,

    Plaintiff,

vs.

QUALITY EGG LLC; et al.,

    Defendants.

                                             /

No. CIV S-10-3105 KJM-CKD

ORDER

        This matter comes before the court upon the requests for reconsideration filed by plaintiff (ECF 123 and 135) and the Hillandale Farms defendants (ECF 141).

I.   FACTS AND PROCEDURAL HISTORY

        Plaintiff filed its complaint on November 18, 2010 against three defendants – Quality Egg LLC ("Quality Egg"), Wright County Egg, and Hillandale Farms of Iowa, Inc. – alleging seven causes of action: 1) breach of implied warranty of merchantability against all defendants; 2) breach of implied warranty of fitness for particular purpose against all defendants; 3) fraud against Quality Egg and Wright County; 4) negligence against all defendants; 5) equitable indemnification against all defendants; 6) negligent interference with prospective

/////

economic advantage against all defendants; and 7) unfair competition against all defendants. (ECF 1.)

The court granted plaintiff's motion for modification of pretrial scheduling order and leave to file first amended complaint on January 27, 2012. (ECF 60.) Plaintiff filed its amended complaint on January 30, 2012 against eight defendants – Quality Egg, DeCoster Revocable Trust ("DeCoster Trust"), Austin "Jack" DeCoster, DeCoster Enterprises LLC ("DeCoster Enterprises"), Environ/Wright County Inc. ("Environ"), Hillandale Farms of Iowa, Inc. ("Hillandale Farms"), Hillandale Iowa LLC ("Hillandale LLC"), and Hillandale Farms of PA, Inc. ("Hillandale PA") – alleging eight causes of action: 1) breach of implied warranty of merchantability against Quality Egg, DeCoster Trust, Jack DeCoster, DeCoster Enterprises, Environ, and Hillandale PA; 2) breach of implied warranty of fitness for particular purpose against Quality Egg, DeCoster Trust, Jack DeCoster, DeCoster Enterprises, Environ, and Hillandale PA; 3) breach of express warranty against Quality Egg, DeCoster Trust, Jack DeCoster, DeCoster Enterprises, Environ, and Hillandale PA; 4) fraud against all defendants; 5) negligence against all defendants; 6) equitable indemnification against all defendants; 7) negligent interference with prospective economic advantage against all defendants; and 8) unfair competition[1] against all defendants. On August 15, 2012, the court granted the motion to dismiss for lack of personal jurisdiction filed by defendants Environ/Wright County Inc., DeCoster Enterprises LLC, and DeCoster Revocable Trust, and Austin Jack DeCoster. (ECF 156.)

/////
/////
/////
/////

---

[1] The complaint labels two claims as "seven." This court identifies the second "seven" as the eighth claim.

2

On April 27, 2012, the assigned magistrate judge granted Jack DeCoster's motion for a protective order staying discovery against him for six months, the Hillandale defendants' motion for a protective order staying Federal Rule of Civil Procedure[2] 30(b)(6) depositions due to the corporate officer's incapacitation, and the motion to seal documents attached to these motions. (ECF 121.) Plaintiff filed a request for reconsideration of this order on May 2, 2012. (ECF 123.)

On May 11, 2012, the assigned magistrate judge stayed Rule 30(b)(6) depositions of Quality Egg LLC's corporate representatives until November 21, 2011, and granted DeCoster Revocable Trust and DeCoster Enterprises' request to respond to a Rule 30(b)(6) deposition notice by providing a declaration stating their lack of knowledge on designated topics. (ECF 130.) Plaintiff filed a request for reconsideration of this order insofar as it stayed Rule 30(b)(6) depositions of Quality Egg. (ECF 135.) The Hillandale defendants filed a separate request for reconsideration of this order on May 24, 2012, joining plaintiff's request in part, and asserting essentially the same arguments made by plaintiff. (ECF 141.)

II. ANALYSIS

    A.    Standard

Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is

---

[2] All future references to rule or rules are to the Federal Rules of Civil Procedure.

3

1  significantly deferential . . . ." *Id.* at 623.  "To succeed [on a motion for reconsideration], a party
2  must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
3  decision." *Enriquez v. City of Fresno*, 2011 U.S. Dist. LEXIS 29998, at *3 (E.D. Cal. Mar. 23,
4  2011).  "A motion for reconsideration 'may not be used to raise arguments or present evidence
5  for the first time when they could reasonably have been raised earlier in the litigation.'"  *Marlyn*
6  *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting
7  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  "If the [c]ourt
8  concludes that the conclusions reached by the Magistrate Judge were at least plausible, after
9  considering the record in its entirety, the [c]ourt will not reverse even if convinced that it would
10 have weighed the evidence differently."  *Mehl v. Blanas*, 241 F.R.D. 653, 656 (E.D. Cal. 2007)
11 (citing *Phoenix Eng. & Supply, Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir.
12 1997)).

   B.   Application

        1.   ECF 123

   Plaintiff contends the practical effect of the magistrate judge's order was to modify the court's scheduling order.  (*Id.* at 1.)  Moreover, plaintiff contends the six-month stay as to discovery related to Jack DeCoster is contrary to law because there is no indictment in the criminal proceeding.  (*Id.*)

   The request for reconsideration is moot insofar as it relates to individual defendant Jack DeCoster as he has been dismissed from this case for lack of personal jurisdiction.  (ECF 156.)  The request for reconsideration also is moot insofar as it relates to the stay of discovery as to the Hillandale defendants, as the stay of the 30(b)(6) deposition of the Hillandale defendants has already been lifted.  (ECF 121 at 2:20-21; ECF 136.)  It also is moot insofar as it opposes the magistrate judge's modification of this court's scheduling order; the court has since granted the Hillandale defendants' motion to modify the scheduling order.  (ECF 136.)  Based on the foregoing, plaintiff's request for reconsideration, ECF 123, is denied.

4

Jack DeCoster's request for attorneys' fees is denied. (ECF 128 at 10.) Plaintiff's request for reconsideration was not made in bad faith or frivolous so as to support an order of sanctions.

2.      ECF 135 and 141

Plaintiff contends the magistrate judge's factual findings were clearly erroneous as the magistrate judge had limited factual material to review and none of the limited material indicated that Jack DeCoster, Peter DeCoster and Patsy Larson were the only persons able to testify for Quality Egg. (ECF 135 at 5.) Rather, plaintiff argues "[o]nly Quality Egg's counsel made that claim in an unsworn and unsupported argument during [a conference] call" with the magistrate judge.[3] (*Id.*) Moreover, plaintiff maintains the magistrate judge's factual findings were clearly erroneous because they ignored the fact that William Smith had previously testified on Quality Egg's behalf at a jurisdiction-related deposition. (*Id.*) Plaintiff also argues, even if those corporate officers who intended to invoke their Fifth Amendment privilege were available to testify, "the corporation has a duty to hire an outside agent to testify at the corporation's Rule 30(b)(6) deposition." (*Id.* at 6:6-8.) Finally, plaintiff argues "the order was procedurally defective in that there was no motion, no notice of motion, and no opportunity for NuCal or Hillandale to present memoranda in opposition to Quality Egg's letter brief" submitted prior to the May 11 conference call. (*Id.* at 10:15-16.)

Defendant argues the lack of a properly noticed motion for a protective order is irrelevant because "the facts and law related to Quality Egg's protective order had already been briefed and decided in the Magistrate Judge's ruling on Hillandale's and Jack DeCoster's motions for protective order." (ECF 140 at 7:18-20.) Defendant also maintains it is not legally

---

[3] Quality Egg never filed a properly noticed motion seeking a protective order. Rather, the parties agreed to a conference call with the magistrate judge to discuss the matter for purposes of resolving it on an expedited basis. After the call, the magistrate judge issued the order staying the Rule 30(b)(6) deposition of defendant Quality Egg until November 21, 2012. (*See* Decl. of Jason Takenouchi, ECF 135-1 at ¶¶ 14-16.)

required to prepare an agent to appear for deposition where the officers are not available because they have invoked the privilege against self-incrimination, and thus, the magistrate judge's findings were not contrary to law. (*Id.* at 8:7-11:14.)

The court finds unavailing plaintiff's contention that the magistrate judge's order should be overruled because the protective order issued absent a properly noticed motion by Quality Egg. "Under Rule 26(c), the court may sua sponte issue a protective order for good cause shown." *Prescott v. County of Stanislaus*, 2011 WL 5877013, at *5 (E.D. Cal. Nov. 22, 2011) (citing *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)).

The court finds the magistrate judge's conclusion that Quality Egg did not have a qualified designee available for deposition was not clearly erroneous. Plaintiff concedes the magistrate judge had the benefit of a conference call with representatives from each party. (ECF 135 at 4:4-5.) Moreover, prior to the conference call, Quality Egg distributed a letter brief with multiple attachments to the other parties and to the magistrate judge. (*Id.* at 3:3:26-28.) That letter stated that the only potential designees for Quality Egg, namely CFO Patsy Larson, COO Peter DeCoster and Jack DeCoster, would not testify "based on Fifth Amendment objections relating to the federal criminal investigation." (Takenouchi Decl., ECF 35-1, Ex. 7.) That letter also included correspondence from criminal counsel for Peter DeCoster, Jack DeCoster and Patsy Larson, the three "persons [the magistrate judge found] could competently testify with respect to the 30(b)(6) notice at issue," stating that they intended to invoke the privilege against self-incrimination based on pending criminal investigations.[4] (ECF 135 at 4:4-18.) As such, plaintiff

---

[4] On September 14, 2012, plaintiff filed a "notice of subsequent development regarding pending requests for reconsideration" (ECF 158), which Hillandale joined (ECF 159). The filing attached an article from the San Jose Mercury News, which stated that Patsy Larson's attorney represented that she is "not a target" of the current criminal investigation. (ECF 158, Ex. 1.) This vague public statement from Patsy Larson's attorney is insufficient to overturn the magistrate judge's determination that Patsy Larson was unavailable for deposition. Even if it were, the online newspaper article constitutes unreliable and inadmissible layered hearsay that does not fall within any exception.

1  cannot show that the magistrate judge's findings were clearly erroneous based on an
2  insufficiency of material before the court.[5]

3  The court also finds the magistrate judge's finding that, "[because] all of the
4  potential designees are currently the target of a federal criminal investigation and all of them
5  intend to invoke the fifth amendment privilege, . . . a protective order is warranted," was not
6  contrary to law. (ECF 2:7-9.) The protective order cites *Admiral Ins. Co. v. U.S. Dist. Court for
7  Dist. of Arizona*, 881 F.2d 1486, 1495 n.8 (9th Cir. 1989) and *KLA-Tencor Corp. v. Murphy*,
8  717 F. Supp. 2d 895, 906-97 (N.D. Cal. 2010). The *Admiral* court held that a "plaintiff's ability
9  to discover the underlying facts may be impeded by [a corporate officer's] personal claim of the
10 privilege against self-incrimination." *Admiral*, 881 F.2d at 1493. This is because "a corporation
11 . . . may be the unintended beneficiary of a corporate employee's personal invocation of the fifth
12 amendment privilege." *Id.* at 1495 n.8. The *KLA-Tenor* court explained that a court may, in its
13 discretion, stay civil proceedings pending parallel criminal proceedings where the stay would
14 serve the interests of justice. *KLA-Tenor*, 717 F. Supp. 2d at 902 (citing *Keating v. Office of
15 Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995). The court finds the magistrate judge's
16 conclusion that Quality Egg's deposition should be stayed because its corporate officers intended
17 the invoke the privilege against self-incrimination was not contrary to law.

18 The "[c]ourt concludes that the conclusions reached by the magistrate judge were
19 at least plausible," and, considering the totality of the circumstances, declines to overrule the
20 magistrate judge's imposition of the protective order in question. *Mehl*, 241 F.R.D. at 656.

---

22 [5] Plaintiff also argues the magistrate judge's findings that the potential designees were
23 unavailable was clearly erroneous because Quality Egg had previously designated its attorney for deposition. That deposition, however, related solely to the relationships between various entities owned or controlled by Jack DeCoster for purposes of determining whether the court could
24 constitutionally exercise personal jurisdiction over the named defendants. (Takenouchi Decl., ECF 153-1, Ex. 1 at 9:15-18.) That Quality Egg designated its attorney for deposition relating
25 solely to jurisdictional issues does not demonstrate that the magistrate judge's finding, that Quality Egg's designees were unavailable for deposition related to the merits of plaintiff's
26 claims, was clearly erroneous.

III. CONCLUSION

Based on the foregoing, the requests for reconsideration currently before the court are denied in their entirety. All future modifications to this court's scheduling order, whether direct or indirect, shall be determined by this court. A further status conference is set for December 6, 2012, at which time the court will set a schedule for the balance of this case. The parties shall submit a joint status report that complies with Local Rule 240 by November 29, 2012; the status report may address the issues raised by the parties' filings of September 7 and October 3, 2012 (ECF 157,166).

IT IS SO ORDERED.

DATED: October 3, 2012.

_____
UNITED STATES DISTRICT JUDGE