IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NUCAL FOODS, INC.,

        Plaintiff,

   vs.

QUALITY EGG LLC, et al.,

        Defendants.

                          /

No.  2:10-cv-3105-KJM-CKD

ORDER

This case was before the undersigned for settlement conferences on May 30, 2013 and July 11, 2013.  ECF Nos. 211, 221.  A settlement was ultimately reached and confirmed on the record on July 11, 2013.  In confirming the settlement, the parties summarized the terms of the settlement agreement.  *Id.*  One term was the parties' specific agreement that the other terms of the settlement be kept confidential.  Thereafter, on July 16, 2013, the parties filed a notice of a joint request to seal the transcript of that proceeding.[1]  ECF No. 223.  The parties contend that "good cause for sealing exists, because the public's interest in disclosure of the confidential settlement terms is sleight, and is outweighed by the Court's interest in promoting settlement,

---

[1] The assigned district judge referred the matter to the undersigned on July 16, 2013. ECF No. 224.

1

and the parties' reliance on the confidentiality of the process." *Id.* at 2.  As required by Local Rule 141(b), the parties filed their notice of request to seal, and emailed to the court the request itself, along with supporting declarations and a proposed order granting the request.

On July 16, 2013, the court ordered that any opposition to the request to seal was to be filed on or before July 31, 2013.  ECF No. 225.  The order further provided that "[i]n the interim, the July 11, 2013 transcript shall not be filed or otherwise disseminated to the public."  *Id.*  The deadline for opposing the request to seal has now passed, and no opposition has been filed.

In determining whether a document should be sealed, the court begins with a presumption of public access to court documents.  *Press-Enterprises Co. v. Superior Court of Riverside* County, 464 U.S. 501, 509 (1984); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).  The Supreme Court recognized, however, that the right to access is not absolute.  *Nixon v. Warner Comm'cns, Inc*., 435 U.S. 589 (1978).  When deciding whether access is appropriate, the courts must consider "the interests advanced by the parties in light of the public interest and the duty of the courts."  *Id*. at 602.  Ultimately, the decision to seal is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *Id*. at 599.

Here, the parties contend that the public's interest in disclosure of the confidential settlement terms is slight, and is outweighed by the court's interest in promoting settlement and the parties' reliance on the confidentiality of the process.  ECF No. 223.  Generally, settlement communications between the parties are privileged under Rule 408 of the Federal Rules of Evidence.  Although the court acknowledges that there is a difference between settlement discussions and settlement terms, *see Platypus Wear, Inc. v. U.S. Fidelity and Guar. Co.*, 2010 WL 4281805, at *2 (S.D. Cal. Oct. 25, 2010), here, all parties entered into the settlement with the expectation that the terms of the settlement would remain confidential, and the parties have represented that the confidentiality provision was a critical component in their agreement to

settle the case. *See generally* Decls. in Supp. of Req. to Seal. Indeed, they were explicit in stating that understanding at the July 11, 2013 conference when they confirmed the settlement on the record. None of the parties believed that placing the terms of the settlement agreement on the record would negate what they believed to be a "specific understanding" that the terms of the agreement would remain confidential. *Id.* While there are important interests weighing both in favor of disclosure and in favor of the parties reasonable expectations in confidentiality, the court specifically provided the public an opportunity to oppose the request to seal, and no such opposition was filed.[2] On balance, the court finds that good cause supports the parties' joint request to seal the July 11, 2013 transcript of court proceedings at which the parties set forth the terms of their settlement agreement. Accordingly, the request to seal is granted and it is ordered that the content of the settlement proceedings on July 11, 2013, including any transcript thereof shall be sealed..

Additionally, Local Rule 141(e) provides that "[u]pon issuance of an order on a sealing request and unless the Court has ordered otherwise, the Clerk will file under seal the request, proposed order, and any opposition." Therefore, the clerk of court will be ordered to file under seal the request to seal, the declarations submitted in support of the request to seal, and the proposed order granting the request.[3]

/////

/////

---

[2] Moreover, Local Rule 141(f) provides that "[u]pon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed. *See* Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1."

[3] Local Rule 141(e) also sets forth specific procedures regarding disposition of the documents to be filed under seal. If the request is granted, counsel for the requesting party is directed to either e-mail the documents or submit the documents to the Clerk by hand-delivery, U.S. mail, or same-day or overnight courier. Here, however, as discussed above, because noone has requested a copy of the electronic transcript, no such transcript has been prepared. Therefore, counsel is not required to submit a copy of the transcript as would typically be required by Local Rule 141(e).

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' request to seal, ECF No. 223, is granted.

2. The Clerk of Court is directed to file under seal the parties' joint request to seal, the declarations submitted in support of that request, and the proposed order granting the request.

3. Only parties shall be permitted to request a copy of the July 11, 2013 transcript, and if such transcript is requested by a party, it shall thereafter be filed under seal.

4. The Clerk is directed to serve a copy of this order on the court's Electronic Court Recording Operator.

SO ORDERED.

DATED: August 2, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE